NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARGARET KORROW, on behalf of herself and others similarly situated, | : : : : |
| Plaintiff, | : Civil Action No. 10-6317 (JAP) : |
| v. | : : |
| AARON'S, INC. and JOHN DOES 1-25, | : **OPINION** : : |
| Defendants. | : : |

PISANO, District Judge.

Before the Court is Defendant Aaron's, Inc.'s motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Margaret Korrow opposes the motion. For the following reasons, the motion to dismiss will be denied.

**I.   BACKGROUND**

Plaintiff commenced this action by filing a Class Action Complaint and Jury Demand (the "Complaint") in the Superior Court of New Jersey, Middlesex County, Law Division on October 26, 2010. According to the Complaint, Plaintiff entered into a rent-to-own contract with Defendant for a bedroom set on July 23, 2009. Plaintiff alleges that Defendant's rent-to-own contract included usurious terms, omitted necessary disclosures, and imposed extraneous fees in violation of the New Jersey Retail Installment Sales Act ("RISA"), N.J.S.A. 17:16C-1, *et seq.*, the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1, *et seq.*, and the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. 56:12-15, *et seq.* Alternatively, Plaintiff restates her claims under the Uniform Commercial Code ("UCC"),

N.J.S.A. 12A:2A-101, *et seq.* Plaintiff also claims to bring her action on behalf of all persons who entered into a rent-to-own contract with Defendant since March 16, 2006.

Defendant received a copy of the Complaint on November 5, 2010 and removed the case to this Court on December 6, 2010.[1] On February 1, 2011, Defendant filed the instant motion seeking to dismiss the Complaint. Defendant's primary ground for dismissal posits that Plaintiff is attempting to "bootstrap" claims under RISA, which provides no private right of enforcement, onto CFA and TCCWNA claims. Defendant also submits that the terms in the contract at issue do not violate RISA, are not unlawful, and did not cause any ascertainable loss.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

---

[1] The Court notes that Defendant's removal was not within thirty days as required by 28 U.S.C. § 1446(b). Nevertheless, Plaintiff did not oppose the removal and this Court may not, *sua sponte*, remand the case. *See In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000) ("We hold that the District Court exceed[s] its authority . . . when it remand[s] . . . actions, *sua sponte*, based on . . . procedural defects in the petition for removal.").

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citations omitted).

### III. DISCUSSION

Defendant claims in its motion to dismiss that RISA, the statute on which Plaintiff's claims are based, provides no private right of action and, therefore, Plaintiff's claims constitute a faulty attempt to "bootstrap" RISA claims onto other statutory claims under the CFA and TCCWNA, which do provide for private actions. Plaintiff responds that New Jersey state court decisions support her interpretation that CFA claims and TCCWNA claims may be asserted for underlying RISA claims. The Court agrees with Plaintiff.

RISA provides: "The penalties provided for by this act shall be sued for and recovered by and in the name of the commissioner and shall be collected and enforced by summary proceedings pursuant to the Penalty Enforcement Law (N.J.S. 2A:58-1 et seq.)."[2] N.J.S.A. 17:16C-56. It is apparent that the "commissioner," or the Commissioner of Banking of New Jersey, *see* N.J.S.A. 17:16C-1, was the intended enforcer of RISA; indeed, the statute was enacted to "give sufficient authority to the commissioner to properly protect the interest of the

---

[2] The Penalty Enforcement Act was repealed and replaced by the Penalty Enforcement Law of 1999, N.J.S.A. 2A:58-10, *et seq.*

3

buying public." Sponsor's Statement to S. 59 of 1960, enacted as L.1960, c. 40 (N.J. 1960). Accordingly, there is no private right of action under RISA.

The CFA, however, does provide a private right of action for any unconscionable commercial practice or fraud in connection with the sale of any merchandise. N.J.S.A. 56:8-2, 56:8-2.11. The statute also instructs that it should be applied in conjunction with other statutes or common law: "The rights, remedies and prohibitions accorded by the provisions of this act are hereby declared to be in addition to and cumulative of any other right, remedy or prohibition accorded by the common law or statutes of this State." N.J.S.A. 56:8-2.13. The Supreme Court of New Jersey clearly interpreted this as allowing RISA claims to be asserted under the CFA in *Perez v. Rent-A-Center, Inc.*, 186 N.J. 188, 892 A.2d 1255 (2006).

In *Perez*, the appellate court had thrown out the plaintiff's CFA claims automatically when it dismissed her RISA claims. *See id.* at 220. The Supreme Court of New Jersey rejected this automatic dismissal. Citing earlier precedent, the court noted that "to overcome the presumption that the CFA applies to a covered activity, a court must be satisfied . . . that a direct and unavoidable conflict exists between application of the CFA and application of the other regulatory scheme or schemes." *Id.* at 219-20 (quoting *Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 150 N.J. 255, 270, 696 A.2d 546 (1997)) (omission in original). In *Perez*, the court found: "[The defendant] has not suggested, even obliquely, any conflict between the CFA and RISA, let alone one of a direct and unavoidable nature, nor do we perceive one." *Id.* at 220.[3] Accordingly,

---

[3] Defendant points to the lack of a private enforcement provision in RISA as a conflict with CFA that the Supreme Court of New Jersey failed to address in *Perez*. Def. Reply Br. at 10. Regardless of whether the court specifically addressed this supposed conflict, the Court is constrained to apply the law as interpreted by that court, and *Perez* clearly states that the court does not perceive any conflict between the statutes. *Perez*, 186 N.J. at 220; *see also Henderson v. Hertz Corp.*, 2005 WL 4127090, *6 (N.J. Super. Ct. App. Div. 2006) (interpreting *Perez* as allowing RISA claims to be asserted under CFA while acknowledging that other statutes that lack private enforcement provisions may nevertheless conflict with CFA).

when the court reinstated the RISA claims, it also reinstated the CFA claims, holding that "the acts must be construed in context with each other and [the defendant's] contention that only one can be applicable at a time must be rejected." *Id.*  Thus, it has been clearly established by the Supreme Court of New Jersey that RISA claims may be asserted under the CFA and Defendant's motion to dismiss on those grounds must be denied.

Even though RISA claims may be asserted under the CFA, Defendant also contends that Plaintiff's allegations fail to state a claim under the CFA.  The CFA prohibits any unconscionable commercial practice or fraud in connection with the sale of any merchandise. N.J.S.A. 56:8-2. "To state a CFA claim, a plaintiff must . . . allege three elements: (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *Kleinman v. Merck & Co., Inc.*, 8 A.3d 851, 860 (N.J. Super. Ct. Law Div., 2009) (quoting *N.J. Citizen Action v. Schering-Plough Corp.*, 842 A.2d 174 (N.J. Super Ct. App. Div. 2003), *certif. denied.*, 178 N.J. 249, 837 A.2d 1092 (2003)) (internal punctuation omitted).  For each alleged deficiency in Defendant's contract, Plaintiff has pled a violation of RISA, or "unlawful conduct."  Plaintiff has also pled that she paid monies that included the allegedly unlawful interest and allegedly unlawful charges and fees.  *See* Compl. ¶¶48-50.  In addition, the Supreme Court of New Jersey has held that a contract that unlawfully imposes a debt upon a consumer necessarily constitutes a loss under the CFA, *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 22, 647 A.2d 454, 464 (1994), and Plaintiff has pled such unlawful contract practices in this case.  Finally, Plaintiff has pled that the alleged RISA violations caused her ascertainable losses.  As such, without addressing the merits of Plaintiff's RISA claims themselves, Plaintiff has sufficiently pled her case under the CFA to survive the motion to dismiss at this early stage in the proceedings.

5

TCCWNA also provides a private right of action, against any party that offers or enters into a written contract that contains "any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law . . . ." N.J.S.A. 56:12-15, 56:12-17.  It contains a near identical provision to the CFA instructing that it should be applied in conjunction with other statutes or common law. *Compare* N.J.S.A. 56:12-18 (TCCWNA) *with* N.J.S.A. 56:8-2.13 (CFA).  In *United Consumer Financial Services v. Carbo*, 982 A.2d 7 (N.J. Super. Ct. App. Div. 2009), the Superior Court of New Jersey, Appellate Division, the highest state court to address directly a RISA claim submitted under the TCCWNA, found that a defendant's violation of RISA subjected them to liability under the TCCWNA.

In *Carbo*, the defendant entered into a retail installment contract which charged a $20 fee if a check was "dishonored for any reason." *Id.* at 21.  The court found that this conflicted with RISA's allowing a return check fee of $20 only if the check was dishonored for insufficient funds. *Id.* at 22.  The court then held that this violation of RISA amounted to the violation of a "clearly established right" and recognized the defendant as liable under TCCWNA.  The court elaborated that "[a]ny reasonable person would recognize that a retail installment sales contract that gives the holder a right to charge a fee not authorized by RISA violates the consumer's 'clearly established' right to be free from a contract that permits such a charge." *Id.* at 23 (internal quotation marks omitted).  Therefore, by alleging RISA violations under TCCWNA, Plaintiff has stated a claim that survives the motion to dismiss.

### IV.    CONCLUSION

It has been clearly established in the state courts of New Jersey that RISA claims may be asserted under the CFA and TCCWNA.  Accordingly, Defendant's motion to dismiss on those

grounds must be denied.  In addition, Plaintiff's Complaint adequately states claims under the CFA to survive the motion to dismiss.  The motion to dismiss is therefore denied.  An appropriate order will issue.

/s/ JOEL A. PISANO<br>United States District Judge

Dated: August 25, 2011