Michael R. McDonald, Esq.
Damian Santomauro, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

Attorneys for Defendant
Aaron's, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET KORROW, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AARON'S, INC. and JOHN DOES 1-25,<br><br>Defendant. | Civil Action No.: 10-06317 (JAP) (LHG)<br><br>*Document electronically filed*<br><br>**DEFENDANT AARON'S, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant Aaron's, Inc. ("Aaron's" or "Defendant"), by and through its attorneys, Gibbons P.C., for its Answer to the Class Action Complaint ("Complaint") filed by Plaintiff Margaret Korrow ("Plaintiff"), on behalf of herself and others similarly situated, states as follows:

### RESPONSE TO PURPORTED NATURE OF THE CASE ALLEGATIONS

1.     The allegations set forth in the first sentence of paragraph 1 of the Complaint regarding who Plaintiff is asserting the Complaint on behalf of do not contain any allegations against Aaron and require no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies that it is liable to Plaintiff or any purported class members and denies that a class may be certified in this matter.  Aaron's denies the remaining allegations set forth in paragraph 1 of the Complaint.

2.      The allegations set forth in the first sentence of paragraph 2 of the Complaint state a legal conclusion regarding the Retail Installment Sales Act ("RISA") and require no response from Aaron's herein.  To the extent a response may be deemed required, Aaron's denies that it violated RISA.  Aaron's denies the remaining allegations set forth in paragraph 2 of the Complaint.

3.      Aaron's denies the allegations set forth in paragraph 3 of the Complaint.

4.      Aaron's denies the allegations set forth in paragraph 4 of the Complaint.

5.      The allegations set forth in paragraph 5 of the Complaint regarding who Plaintiff is asserting the Complaint on behalf of do not contain any allegations against Aaron's and require no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies that it is liable to Plaintiff or any purported class members and denies that the putative class identified in the Complaint may be certified.

## RESPONSE TO PURPORTED FACTUAL ALLEGATIONS

6.      Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

7.      Aaron's denies that its name is "Aaron's Inc.," but admits that it was formerly known as "Aaron Rents, Inc."  Aaron's states that its correct name is "Aaron's, Inc."  Aaron's admits the remaining allegations set forth in paragraph 7 of the Complaint.

8.      Aaron's admits the allegation in paragraph 8 of the Complaint that Aaron's does business in New Jersey.  Aaron's denies the remaining allegations set forth in paragraph 8 of the Complaint.

9.      Aaron's admits that it operates stores that provide the ability to rent furniture, electronics, and home appliances.  Aaron's denies that the allegation set forth in paragraph 9 that it offers "'rent-to-own' contracts for the sale of furniture, electronics, and home appliances."

2

10.     Because Plaintiff did not identify the "civil complaint filed by Aaron's in the New Jersey Superior Court against a non-party consumer," Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 10 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.  Aaron's 2009 Annual Report speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in the second sentence of paragraph 10 of the Complaint attempt to characterize or are inconsistent with the referenced document, Aaron's denies such allegations.

11.     Aaron's 2009 Annual Report speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 11 of the Complaint attempt to characterize or are inconsistent with the referenced document, Aaron's denies such allegations.

12.     The brochure identified in paragraph 12 of the Complaint speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 12 of the Complaint attempt to characterize or are inconsistent with the referenced document, Aaron's denies such allegations.

13.     Aaron's admits that there are nine company-operated stores in New Jersey. Aaron's denies the remaining allegations set forth in paragraph 13 of the Complaint.

14.     The allegations set forth in paragraph 14 of the Complaint do not contain any allegations against Aaron's and require no response from Aaron's herein.

15.     Aaron's admits that it is currently operating stores in Edison, Egg Harbor, Ewing, Lindenwold, Neptune City, Perth Amboy, Plainfield, Pennsauken, and Vineland.  Because Plaintiff has not defined the "relevant time period" in paragraph 15, Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 15 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

3

16.     Aaron's admits the allegations set forth in paragraph 16 of the Complaint.

17.     Aaron's admits the allegations set forth in paragraph 17 of the Complaint.

18.     Aaron's admits that Aaron's Store F455 is an Aaron's franchised store, but denies that it is located at 1555 High Street, Mount Holly, New Jersey.

19.     Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

20.     The allegations set forth in the first sentence of paragraph 20 of the Complaint regarding the Perez decision state a legal conclusion and require no response from Aaron's herein.  To the extent a response may be deemed required, Aaron's denies that it violated RISA. Aaron's denies the remaining allegations set forth in paragraph 20 of the Complaint.

21.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 21 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

22.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 22 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

23.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 23 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.  Aaron's denies that Exhibit A is a true and correct copy of the agreement.

4

24.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 24 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.  Aaron's denies that Exhibit B is a true and correct copy of the agreement.

25.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 25 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

26.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 26 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

27.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 27 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

28.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 28 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

29.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 29 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

#1700079 v1
110239-71728

30.     The allegations set forth in paragraph 30 of the Complaint state a legal conclusion regarding RISA and require no response from Aaron's herein.  To the extent a response may be deemed required, Aaron's denies that it violated RISA.

31.     The allegations set forth in paragraph 31 of the Complaint state a legal conclusion regarding RISA and require no response from Aaron's herein.  To the extent a response may be deemed required, Aaron's denies that it violated RISA.

32.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009, and explained the Aaron's Service Plus Program to Plaintiff.  The agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 32 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.  Aaron's denies that Exhibit C is a true and correct copy of the agreement.  The Aaron's Service Plus Program speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 32 of the Complaint attempt to characterize or are inconsistent with this document, Aaron's denies such allegations.  Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 32 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

33.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009 that included Aaron's Service Plus Addendum.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 33 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

34.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 34 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

6

35.     Aaron's denies the allegations set forth in paragraph 35 of the Complaint.

36.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 36 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

37.     Aaron's denies the allegations set forth in paragraph 37 of the Complaint.

38.     The allegations set forth in paragraph 38 of the Complaint state a conclusion regarding the length of six months and require no response from Aaron's herein.

39.     Aaron's denies the allegations set forth in paragraph 39 of the Complaint.

40.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 40 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

41.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 41 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

42.     Aaron's denies the allegations set forth in paragraph 42 of the Complaint.

43.     Aaron's denies the allegations set forth in paragraph 43 of the Complaint.

44.     Aaron's denies the allegations set forth in paragraph 44 of the Complaint.

45.     The allegations set forth in paragraph 45 of the Complaint make assumptions based upon legal conclusions and do not contain factual allegations against Aaron's pertinent to this case and thus require no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations set forth in paragraph 45 of the Complaint.

7

46.     Aaron's denies the allegations set forth in paragraph 46 of the Complaint.

47.     Aaron's admits that it signed the agreement.

48.     Aaron's admits the allegations set forth in paragraph 48 of the Complaint.

49.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 49 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

50.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 50 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

51.     Aaron's denies the allegations set forth in paragraph 51 to the extent that Plaintiff alleges that she did not receive any warranty.  The warranty is set forth in the referenced agreement, which includes the Aaron's Service Plus Addendum.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 51 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

52.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 52 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

53.     Aaron's denies the allegations set forth in paragraph 53 of the Complaint.

54.     Aaron's denies the allegations set forth in paragraph 54 of the Complaint.

55.     Aaron's denies the allegations set forth in paragraph 55 of the Complaint.

8

56.     Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 56 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

57.     Aaron's admits that it delivered and installed the merchandise in accordance with the agreement.

58.     Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations set forth in paragraph 58 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

59.     Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations set forth in paragraph 59 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

60.     Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations set forth in paragraph 60 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

61.     Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations set forth in paragraph 61 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

62.     Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations set forth in paragraph 62 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

63.     Aaron's denies the allegations set forth in paragraph 63 of the Complaint.

64.     Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

#1700079 v1
110239-71728

65.   Aaron's admits that it requested that Plaintiff return the items she had leased from Aaron's because she failed to meet her payment obligations pursuant to the terms of her agreements with Aaron's and was in breach of those agreements.

66.   Aaron's denies the allegations set forth in paragraph 66 of the Complaint .

67.   Aaron's denies that it unlawfully obtained the return of its own property.

68.   Aaron's admits that Plaintiff made a total of three payments to Aaron's prior to Aaron's obtaining the return of the merchandise pursuant to the terms of the agreement entered on or about July 23, 2009.  Aaron's denies that these payments were in the amount required pursuant to the terms of the agreement.  Aaron's admits that Plaintiff did not make any payments subsequent to Aaron's obtaining the return of the merchandise.

69.   Aaron's admits that the total amount of the payments made by Plaintiff to Aaron's in connection with the agreement entered into on or about July 23, 2009 was $384.14.

70.   Aaron's presently lacks sufficient information upon which to form a belief as to the truth or falsity of the allegations set forth in paragraph 70 of the Complaint, and neither admits nor denies the same, but leaves Plaintiff to her proofs thereon.

71.   Aaron's denies the allegations set forth in paragraph 71 of the Complaint.

72.   Aaron's denies the allegation set forth in paragraph 72 of the Complaint.

73.   Aaron's admits that Aaron's Sales and Lease filed a Small Claims Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Mercer County against Plaintiff in December of 2009 for failure to return merchandise after default.

74.   Aaron's admits only that Aaron's Sales and Lease filed a Small Claims Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Mercer County against Plaintiff in December of 2009.  The Small Claims Complaint speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 74 of the

10

Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

75.    Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 75 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

76.    Aaron's denies the allegations set forth in paragraph 76 of the Complaint.

77.    The Small Claims Complaint speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 77 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.

78.    Aaron's admits  that $339.11 is less than $509.78.  Aaron's denies the remaining allegations of paragraph 78.

79.    Aaron's denies the allegations set forth in paragraph 79 of the Complaint.

80.    Aaron's denies the allegations set forth in paragraph 80 of the Complaint.

81.    Aaron's denies the allegations set forth in paragraph 81 of the Complaint.

82.    Aaron's denies the allegations set forth in paragraph 82 of the Complaint.

83.    Aaron's denies the allegations set forth in paragraph 83 of the Complaint.

84.    Aaron's denies that Plaintiff has suffered any ascertainable loss.

**RESPONSE TO PURPORTED CLASS ACTION ALLEGATIONS**

85.    The allegations set forth in paragraph 85 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

11

86.     The allegations set forth in paragraph 86 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

87.     The allegations set forth in paragraph 87 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

88.     The allegations set forth in paragraph 88 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

89.     The allegations set forth in paragraph 89 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

90.     The allegations set forth in paragraph 90 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

91.     The allegations set forth in paragraph 91 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

92.     The allegations set forth in paragraph 92 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

93.     The allegations set forth in paragraph 93 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

12

94.     The allegations set forth in paragraph 94 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

95.     The allegations set forth in paragraph 95 of the Complaint state a legal conclusion requiring no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

96.     The allegations set forth in paragraph 96 of the Complaint regarding what Plaintiff anticipates do not include any allegations against Aaron's and require no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies the allegations.

## RESPONSE TO PURPORTED CLASS CLAIMS

## RESPONSE TO COUNT I

97.     The allegations set forth in paragraph 97 state a legal conclusion regarding RISA and require no response from Aaron's herein.  To the extent a response may be deemed required, Aaron's denies that it violated RISA.

98.     The allegations set forth in paragraph 98 state a legal conclusion regarding RISA and require no response from Aaron's herein.  To the extent a response may be deemed required, Aaron's denies that it violated RISA.

99.     Aaron's denies the allegations set forth in paragraph 99 of the Complaint.

100.    Aaron's denies the allegations set forth in paragraph 100 of the Complaint.

101.    Aaron's admits that Plaintiff entered into an agreement with Aaron's on or about July 23, 2009.  This agreement speaks for itself and is the best evidence of its content.  To the extent that the allegations set forth in paragraph 101 of the Complaint attempt to characterize or are inconsistent with this agreement, Aaron's denies such allegations.  To the extent that paragraph 101 of the Complaint alleges that Plaintiff violated RISA, such allegations are denied.

13

102.    Aaron's denies the allegations set forth in paragraph 100 of the Complaint.

103.    The allegations set forth in paragraph 103 state a legal conclusion regarding RISA and require no response from Aaron's herein.  To the extent a response may be deemed required, Aaron's denies the allegations.

104.    Aaron's denies the allegations set forth in paragraph 104 of the Complaint.

105.    Aaron's denies the allegations set forth in paragraph 105 of the Complaint.

106.    Aaron's denies the allegations set forth in paragraph 106 of the Complaint.

107.    Aaron's denies the allegations set forth in paragraph 107 of the Complaint.

108.    Aaron's denies the allegations set forth in paragraph 108 of the Complaint.

109.    Aaron's denies the allegations set forth in paragraph 109 of the Complaint.

110.    Aaron's denies the allegations set forth in paragraph 110 of the Complaint.

111.    Aaron's denies the allegations set forth in paragraph 111 of the Complaint.

**WHEREFORE**, Aaron's demands the entry of judgment in its favor and against Plaintiff, dismissing with prejudice all claims set forth in the Complaint with an award in favor of Aaron's and against Plaintiff for attorneys' fees, interest, costs of suit, and such other relief as the court may deem just and proper.

## **RESPONSE TO COUNT II**

112.    Aaron's repeats and realleges its responses to paragraphs 1 through 111 of the Complaint as though more specifically set forth herein.

113.    Aaron's denies the allegations set forth in paragraph 113 of the Complaint.

114.    Aaron's denies the allegations set forth in paragraph 114 of the Complaint.

115.    Aaron's denies the allegations set forth in paragraph 115 of the Complaint.

116.    Aaron's denies the allegations set forth in paragraph 116 of the Complaint.

14

#1700079 v1
110239-71728

**WHEREFORE**, Aaron's demands the entry of judgment in its favor and against Plaintiff, dismissing with prejudice all claims set forth in the Complaint with an award in favor of Aaron's and against Plaintiff for attorneys' fees, interest, costs of suit, and such other relief as the court may deem just and proper.

## RESPONSE TO COUNT III

117.    Aaron's repeats and realleges its responses to paragraphs 1 through 116 of the Complaint as though more specifically set forth herein.

118.    The allegations set forth in paragraph 118 of the Complaint do not include any allegations against Aaron's and require no response from Aaron's herein.  To the extent a response is deemed required, Aaron's denies that it violated the New Jersey Uniform Commercial Code.

119.    Aaron's denies the allegations set forth in paragraph 119 of the Complaint.

120.    Aaron's denies the allegations set forth in paragraph 120 of the Complaint.

121.    Aaron's denies the allegations set forth in paragraph 121 of the Complaint.

122.    Aaron's denies the allegations set forth in paragraph 122 of the Complaint.

123.    Aaron's denies the allegations set forth in paragraph 123 of the Complaint.

124.    Aaron's denies the allegations set forth in paragraph 124 of the Complaint.

125.    Aaron's denies the allegations set forth in paragraph 124 of the Complaint.

126.    Aaron's denies the allegations set forth in paragraph 125 of the Complaint.

127.    Aaron's denies the allegations set forth in paragraph 127 of the Complaint.

**WHEREFORE**, Aaron's demands the entry of judgment in its favor and against Plaintiff, dismissing with prejudice all claims set forth in the Complaint with an award in favor

#1700079 v1
110239-71728

of Aaron's and against Plaintiff for attorneys' fees, interest, costs of suit, and such other relief as the court may deem just and proper.

## RESPONSE TO COUNT IV

128.    Aaron's repeats and realleges its responses to paragraphs 1 through 127 of the Complaint as though more specifically set forth herein.

129.    Aaron's denies the allegations set forth in paragraph 129 of the Complaint.

130.    Aaron's denies the allegations set forth in paragraph 130 of the Complaint.

131.    Aaron's denies the allegations set forth in paragraph 131 of the Complaint.

132.    Aaron's denies the allegations set forth in paragraph 132 of the Complaint.

133.    Aaron's denies the allegations set forth in paragraph 133 of the Complaint.

134.    Aaron's denies the allegations set forth in paragraph 134 of the Complaint.

135.    Aaron's denies the allegations set forth in paragraph 135 of the Complaint.

**WHEREFORE**, Aaron's demands the entry of judgment in its favor and against Plaintiff, dismissing with prejudice all claims set forth in the Complaint with an award in favor of Aaron's and against Plaintiff for attorneys' fees, interest, costs of suit, and such other relief as the court may deem just and proper.

#1700079 v1
110239-71728

## SEPARATE DEFENSES

Aaron's asserts the following Separate Defenses without waiving its right to put Plaintiff to its proofs and without assuming any burden of proof not otherwise imposed by law upon Aaron's.

### FIRST SEPARATE DEFENSE

The claims set forth in the Complaint are barred because Plaintiff, and any putative class member, fail to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, by the doctrines of unjust enrichment, waiver, laches, estoppel, and unclean hands.

### THIRD SEPARATE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, by Plaintiff's failure to join indispensable parties.

### FOURTH SEPARATE DEFENSE

Aaron's is entitled to indemnification and contribution by apportionment against all other parties whose negligence or other conduct proximately caused or contributed to the alleged injuries sustained by Plaintiff and the putative class members.

### FIFTH SEPARATE DEFENSE

The relief sought in the Complaint is barred, either in whole or in part, because Plaintiff and the putative class members lack standing and have suffered no injury.

### SIXTH SEPARATE DEFENSE

Plaintiff cannot maintain this action as a class action because among other reasons: (1) the class is not so numerous that joinder of all members is impracticable; (2) the questions of law and/or fact are not common to the class; (3) the claims of the representative party are not typical of the claims of the class; and/or (4) the representative party will not fairly and adequately protect the interests of the class.

17

### SEVENTH SEPARATE DEFENSE

Plaintiff cannot maintain this action as a class action because among other reasons: (1) individual questions of fact or law specific to each putative class member predominate over any question of fact or law common to the asserted class; and/or (2) a class action is not a superior method of adjudicating the claims set forth in the Complaint.

### EIGHTH SEPARATE DEFENSE

Plaintiff cannot maintain this action as a class action because among other reasons: (1) the proposed class would not be sufficiently cohesive; (2) the class action proposed would be unmanageable because of the significant individual issues that would arise; (3) the predominant relief sought is damages; and/or (4) the defendant against whom certification has been sought has not acted or refused to act on grounds generally applicable to the class.

### NINTH SEPARATE DEFENSE

Plaintiff cannot maintain this action as a class action because among other reasons: (1) Plaintiff's proposed class definition is not sufficiently precise and determinable to identify the putative class members; and/or (2) Plaintiff's proposed class definition is overly broad, amorphous and vague, and would require highly individualized determinations or hearings just to identify who are putative class members.

### TENTH SEPARATE DEFENSE

Plaintiff cannot maintain this action as a class action because the damages sought on a class-wide basis are disproportionate to any harm, alleged or otherwise, suffered by Plaintiff or any putative class members.

### ELEVENTH SEPARATE DEFENSE

Plaintiff cannot maintain this action as a class action because the statutes upon which Plaintiff bases her claim and the claims of the putative class members provide sufficient incentive for individual claims.

18

## TWELFTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, either in whole or in part, because there is no private right of action under the Retail Installment Sales Act.

## THIRTEENTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, either in whole or in part, by the contributory and/or comparative negligence of Plaintiff and the putative class members.

## FOURTEENTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, either in whole or in part, to the extent that Plaintiff and any putative class member cannot attribute damages to Aaron's alleged conduct, acts, or omissions.

## FIFTEENTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, either in whole or in part, because Aaron's conduct, acts, or omissions were entirely reasonable.

## SIXTEENTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, either in whole or in part, by the doctrine of substantial compliance.

## SEVENTEENTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, either in whole or in part, because the actions and conduct undertaken by Aaron's were at all times undertaken in a permissible way and in good faith such that such actions and conduct were lawful and valid.

## EIGHTEENTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, either in whole or in part, because of Plaintiff's breach of contract.

## NINETEENTH SEPARATE DEFENSE

Plaintiff cannot maintain this action as a class action because an award of class-wide damages would violate the Due Process Clause of the United States Constitution as such damages would be grossly disproportionate to any harm suffered.

19

#1700079 v1
110239-71728

## TWENTIETH SEPARATE DEFENSE

Plaintiff's claims are barred for lack of subject matter jurisdiction.

## TWENTY-FIRST SEPARATE DEFENSE

This dispute is governed by the mandatory agreement to arbitrate disputes, which Plaintiff signed, that is part of the agreement upon which Plaintiff's claims purport to arise out of or relate to.

## TWENTY-SECOND SEPARATE DEFENSE

Aaron's reserves the right to assert and rely upon additional separate defenses that become available or apparent through discovery, development of the case, or otherwise. Aaron's expressly reserves the right to amend its Answer to the Complaint to assert all such separate defenses.

Dated: October 10, 2011

By: s/Michael R. McDonald, Esq.
Michael R. McDonald, Esq.
Damian Santomauro, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Phone: (973) 596-4500
Facsimile: (973) 639-6295
mmcdonald@gibbonslaw.com
dsantomauro@gibbonslaw.com

Attorneys for Defendant
Aaron's, Inc.

#1700079 v1
110239-71728