# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET KORROW, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AARON'S, INC. and JOHN DOES 1-25,<br><br>Defendant. | Civil Action No.: 10-06317 (JAP) (LHG)<br><br>**AMENDED PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court on **June 29, 2012**, by way of a joint application by Christopher J. McGinn, Esq., appearing on behalf of Plaintiff Margaret Korrow, and Michael R. McDonald, Esq., and Jennifer Marino Thibodaux, Esq., of Gibbons P.C., appearing on behalf of Defendant Aaron's, Inc.;

**WHEREAS**, the Court entered a Pretrial Scheduling Order ("PTSO") on November 22, 2011, see Docket Entry ("D.E.") No. 27;

**WHEREAS**, the PTSO was amended to correct a typographical error on November 28, 2011, see D.E. No. 28;

**WHEREAS**, during the February 7, 2012 status conference, the Court and the parties agreed to extend certain dates in the PTSO by approximately sixty (60) days;

**WHEREAS**, the Court entered an amended PTSO on February 15, 2012, see D.E. No. 35;

**WHEREAS**, the parties agree that an additional sixty (60) day extension is needed to complete a deposition of a witness on behalf of Defendant Aaron's, Inc., and to resolve certain discovery disputes; and for good cause shown,

IT IS on this 6th day of July, 2012, **ORDERED** that:

1. Fact discovery, limited to issues related to Plaintiff's motion for class certification, is to remain open through **August 28, 2012**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. Any party intending to rely upon an expert with regard to the motion for class certification is to identify the expert by name and subject area no later than **August 29, 2012**.

4. The parties shall serve any affirmative expert reports with regard to the class certification issues no later than **September 29, 2012**.

5. The parties shall serve any rebuttal expert reports with regard to the class certification issues no later than **October 30, 2012**.

6. The parties will complete all expert discovery with regard to the class certification issues by **November 30, 2012**.

7. Plaintiff must file the class certification motion by **January 8, 2013**, and made returnable on **February 4, 2013**.

8. A Settlement Conference will be conducted by the undersigned, at the Clarkson S. Fisher United States Courthouse, Trenton, New Jersey, on **a date to be determined by the Court. Counsel and a representative for Defendant with full authority to settle the case are to be present. Plaintiff's counsel is to have full authority to settle.** Any failure in this regard shall result in the imposition of sanctions.

9. **Five (5) days** before the Settlement Conference, each party is to submit to Chambers a confidential letter, on an *ex parte* basis, not to exceed five pages in total, summarizing the relevant facts, the respective legal positions, the status of the case, and the party's position on settlement, including any settlement discussions that have taken place in

anticipation of the Settlement Conference. Plaintiff is to serve a settlement proposal on Defendant **at least 30 days** prior to the Settlement Conference.

10. All other provisions of the PTSO remain in effect.

_____
Lois H. Goodman, U.S.M.J.

The Court will conduct a telephonic status conference on August 15, 2012 at 9:30 a.m. Counsel for Defendant is to initiate the call.

#1807448 v1
110239-71728