# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET KORROW, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AARON'S, INC. and JOHN DOES 1-25,<br><br>Defendant. | Civil Action No.: 10-06317 (MAS) (LHG)<br><br>*Document electronically filed.*<br><br>**Return Date:  August 18, 2014**<br><br>**ORAL ARGUMENT REQUESTED** |

---

### DEFENDANT AARON'S, INC.'S BRIEF IN SUPPORT OF
### MOTION TO STAY ISSUANCE OF CLASS NOTICE PENDING
### RESOLUTION OF DEFENDANT'S APPEAL
### OF JUNE 30, 2014 ORDER DENYING LEAVE TO AMEND

---

Michael R. McDonald, Esq.
Damian Santomauro, Esq.
Jennifer Marino Thibodaux, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
*Attorneys for Defendant/Counterclaimant Aaron's, Inc.*

## TABLE OF CONTENTS

                                                                              Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

LEGAL STANDARD............................................................................................................... 2

LEGAL ARGUMENT .............................................................................................................. 3

    THE DISTRICT COURT SHOULD STAY ISSUANCE OF CLASS NOTICE
    PENDING RESOLUTION OF DEFENDANT'S APPEAL OF THE JUNE 30,
    2014 ORDER DENYING LEAVE TO AMEND............................................................... 3

        A.    The Balance of Competing Interests Justifies A Stay Because Class
               Members and Defendant Could Suffer Irreparable Harm if the Stay
               is Denied, But Granting the Stay Will Not Result in Greater Harm
               or Prejudice to Plaintiff. ............................................................................... 3

        B.    The Public Interest Favors the Imposition of a Stay, Which Will
               Simplify the Issues. ...................................................................................... 6

        C.    Aaron's Has a Substantial Likelihood of Success On the Merits of
               its Appeal ..................................................................................................... 7

        D.    Imposition of a Stay Will Promote Judicial Economy................................. 8

        E.    The Length of the Stay is Reasonable .......................................................... 9

CONCLUSION ......................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*,
  2011 U.S. Dist. LEXIS 102743 (D.N.J. Sept. 9, 2011) ...................................................... 2, 3, 6

*Bor. of W. Mifflin v. Lancaster*,
  45 F.3d 780 (3d Cir. 1995) ........................................................................................................ 7

Borough of W. Mifflin v. Lancaster,
  45 F.3d 780 (3d Cir. 1995) ........................................................................................................ 7

*In re Lorazepam & Clorazepate Antitrust Litig.*,
  208 F.R.D. 1 (D.D.C. 2002) .............................................................................................. 2, 6, 7, 8

*In re Urethane Antitrust Litig.*,
  No. 04-MD-1616, 2006 U.S. Dist. LEXIS 80425 (D. Kan. Oct. 23, 2006) ................... 4, 5, 6, 8

*Jenkins v. Hyundai Motor Financing Co.*,
  No. C2-04-720, 2008 U.S. Dist. LEXIS 43785 (S.D. Ohio June 2, 2008) ............................ 5, 6

*Johnson v. Geico Cas. Co.*,
  269 F.R.D. 406 (D. Del. 2010) ........................................................................................... 2, 3, 6

*Kos Pharms., Inc. v. Andrx Corp.*,
  369 F.3d 700 (3d Cir. 2004) ...................................................................................................... 2

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ................................................................................................................... 2

*MEI, Inc. v. JCM Am. Corp.*,
  No. 09-351, 2009 U.S. Dist. LEXIS 96266 (D.N.J. Oct. 15, 2009) .......................................... 2

*Ontiveros v. Zamora*,
  No. Civ. S-08-567, 2013 U.S. Dist. LEXIS 59621 (E.D. Cal. Apr. 25, 2013) .......................... 4

**STATUTES**

28 U.S.C. § 1367(a) ........................................................................................................................ 7

28 U.S.C. § 1367(c)(2) .................................................................................................................... 7

**OTHER AUTHORITIES**

Manual for Complex Litigation (Fourth)
  § 21.28 .................................................................................................................. 3, 4, 5

**RULES**

Fed. R. Civ. P. 15 ................................................................................................................. 7

Fed. R. Civ. P. 16 ................................................................................................................. 7

Rule 23(f) ................................................................................................................... passim

## **INTRODUCTION**

On June 30, 2014, this Court entered a Order Denying Defendant's Motion for Leave to Amend. *See* ECF No. 98. The Order also requires the parties to "meet and confer as to the form of Notice to the class member Plaintiffs and to submit a proposed Notice within 20 days of the entry of this Order" (or by July 21, 2014).

On July 14, 2014, Aaron's timely filed an Appeal of the June 30, 2014 Order with the District Court. *See* ECF No. 99. And, Defendant now moves for an order staying the issuance of class notice, as contemplated by the June 30, 2014 Order on appeal.

Defendant Aaron's respectfully submits that a stay should be granted for a litany of compelling reasons:

1. In the event the June 30, 2014 Order is reversed or modified, a new form of notice would need to be created and issued so prospective class members would understand the potential for counterclaims;
2. Significant time and money will be spent to issue class notice and such costs would be duplicated if the June 30, 2014 Order is reversed or modified;
3. Class notice may cause existing customers to make decisions against their own contractual interests;
4. Plaintiff will not suffer any harm or prejudice if a stay is entered;
5. The clear weight of legal authority supports a stay;
6. A reasonable stay will promote judicial economy; and
7. Given decisions from the Third Circuit, Aaron's has a substantial likelihood of success on the merits of its appeal.

Therefore, Defendant respectfully submits that the most prudent approach is for this Court to exercise its discretion and stay the issuance of class notice pending final resolution of Defendant's appeal of the June 30, 2014 Order.

## **LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In determining whether to stay proceedings, courts consider (1) the balance of harm to the parties; (2) whether a stay will simplify issues and promote judicial economy; and (3) the length of the stay.  *See Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-0011, 2011 U.S. Dist. LEXIS 102743, at *4 (D.N.J. Sept. 9, 2011); *see MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 U.S. Dist. LEXIS 96266, at *14 (D.N.J. Oct. 15, 2009) (reasons for granting a stay "may include 'the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources'" (citation omitted)).  Each of these factors favor a stay here.

Further, the same considerations that guide a district court in deciding a motion for stay pending Rule 23(f) appeal, should likewise guide the court on the present application, i.e., "factors similar to those examined in the context of a preliminary injunction motion," namely: "'(1) a likelihood of success on the merits; (2) that [the moving party] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'" *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 411-12 (D. Del. 2010) (citing *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)); *see id.* ("[T]he Third Circuit has not yet articulated a standard which district courts should follow in ruling on a motion to stay pending appeal under Rule 23(f)."); *see also In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 3 (D.D.C. 2002)

2

(applying preliminary injunction standard to analyze a motion to stay proceedings pending resolution of a Rule 23(f) Petition).[1]

## LEGAL ARGUMENT

### THE DISTRICT COURT SHOULD STAY ISSUANCE OF CLASS NOTICE PENDING RESOLUTION OF DEFENDANT'S APPEAL OF THE JUNE 30, 2014 ORDER DENYING LEAVE TO AMEND.

**A.     The Balance of Competing Interests Justifies A Stay Because Class Members and Defendant Could Suffer Irreparable Harm if the Stay is Denied, But Granting the Stay Will Not Result in Greater Harm or Prejudice to Plaintiff.[2]**

The balance of competing interests justifies a stay of the issuance of class notice until the District Court has resolved Defendant's appeal, for numerous compelling reasons.

First, the Manual for Complex Litigation notes that "[i]n cases involving a Rule 23(f) appeal the court should ordinarily stay the dissemination of class notice to avoid the confusion and substantial expense of renotification that may result from appellate reversal or modification." Manual for Complex Litigation (Fourth) § 21.28, at 284. Those same considerations are in play on this appeal because the form and language of the Notice will certainly differ depending on whether counterclaims are permitted, as argued in the appeal.

Plaintiff's counsel has advised that Plaintiff intends to file a motion for approval of class notice on July 21, 2014. *See* Declaration of Michael R. McDonald ("McDonald Decl."), Exhibit A, July 10, 2014 letter from Michael Quirk. Plaintiff further advised that counsel intend to hire a

---

[1] Due to the overlap between certain general factors for imposition of a stay and the considerations for preliminary injunction, Defendant will address certain factors together, where noted, in order to avoid redundancy.

[2] *Compare Bais Yaakov of Spring Valley*, 2011 U.S. Dist. LEXIS 102743, at *4 (explaining that a reason for imposing a stay is the balance of harm to the parties) *with Johnson*, 269 F.R.D. at 411-12 (applying the preliminary injunction factors of the movant suffering irreparable harm if the stay is denied versus the non-movant suffering harm or prejudice if the stay is granted).

claims administrator to effectuate issuance of class notice at a cost of approximately $94,000. *See* McDonald Decl., Exhibit B, July 10, 2014 letter from Anya Verkhovskaya.  Given the substantial expense of re-issuing class notice and confusion to potential class members in the event of a reversal or modification of the June 30, 2014 Order, a stay issuance of class notice is prudent, reasonable, efficient, and supported by the weight of authority on this issue.  *See* Manual for Complex Litigation (Fourth) § 21.28, at 284; *see also In re Urethane Antitrust Litig.*, No. 04-MD-1616, 2006 U.S. Dist. LEXIS 80425, at *23-24 (D. Kan. Oct. 23, 2006) (even though Defendants would not suffer undue burden, the court was "persuaded that the potential confusion that could result if the Tenth Circuit were to vacate or modify the class certification order after notice has already been disseminated to class members counsels against proceeding to issue notice at least until the Circuit has resolved the request to take the appeal"); *Ontiveros v. Zamora*, No. Civ. S-08-567, 2013 U.S. Dist. LEXIS 59621, at *17-18 (E.D. Cal. Apr. 25, 2013) (granting stay because court was "wary" of sending multiple, contradictory class notices).

Second, this court explained in the June 30, 2014 Order that Defendant's counterclaims would require additional proofs, including "whether class members breached their agreements; whether they made their monthly payments; whether they paid late fees; whether their checks were returned due to insufficient funds; whether they destroyed or misappropriated furniture." *See* ECF No. 98 at 14.  Importantly, the Court recognized that counterclaims would affect the form of class notice: "Careful notice would need to be given to prospective class members so that they understood the full import of participating in the class action." *Id.*  Therefore, this court's findings already support entry of a stay because a reversal would require a complete "do-over" of class notice.  Thus, it would be most prudent and efficient to allow the appeal to be resolved before requiring notice to issue.

Third, class notice will invariably parrot the complaint's allegations of alleged wrongdoing and fraud, which will be disseminated to tens of thousands of Defendant's present customers, and will be seen by a like number of prospective customers. This could cause potential class member customers to make decisions with respect to their own transactions with Aaron's that could be against their own financial interests, such as decisions on return of merchandise, cancellation, or whether to exercise the Early Payout Options to obtain ownership of merchandise. Such decisions could have significant repercussions for class members by potentially exposing them to a counterclaim that, as set forth in Defendant's appeal, should be part of this case. Again, this will only be compounded in the event class notice will have to issue a second time.

It is not surprising, then, that district courts have consistently stayed the dissemination of class notice while a Rule 23(f) Petition is pending due to their recognition of the substantial expense that would be incurred by the defendant. *See Jenkins v. Hyundai Motor Financing Co.*, No. C2-04-720, 2008 U.S. Dist. LEXIS 43785, at *12 (S.D. Ohio June 2, 2008) (granting stay of dissemination of class notice "to avoid the confusion and substantial expense of re-notification that may result from appellate reversal or modification") (citing Manual for Complex Litigation § 21.28, at 284); *see In re Urethane Antitrust Litig.*, 2006 U.S. Dist. LEXIS 80425, at *24 (same). The same rationale applies here where significant expenses will be incurred by the issuance of class notice that would necessarily have to be redone if Defendant's appeal of the June 30, 2014 Order is successful.

By way of contrast, the balance of competing interests justifies entry of a stay because Plaintiff will suffer no harm or prejudice. Plaintiff cannot demonstrate that she will suffer any harm by waiting for the appeal to be resolved. Indeed, at her deposition, Ms. Korrow was unable

to articulate how she was harmed, economically or otherwise. *See* ECF No. 46-7 at 266:1-267:9. She only testified that she felt entitled to something. *See id.* at 52:8-14; ECF No. 46-8 at 11. Against this backdrop, it is difficult to imagine how Plaintiff could be harmed or prejudiced in any conceivable way if a stay is issued.[3] Accordingly, this Court should exercise its discretion to grant the stay.

### B. The Public Interest Favors the Imposition of a Stay, Which Will Simplify the Issues.[4]

The public interest will be best served by the ***final*** determinations. *See In re Lorazepam*, 208 F.R.D. at 6 (in grant of a stay pending resolution of a Rule 23(f) Petition, observing that "the public interest really is rooted in the *proper* resolution of the important issues raised in this case . . . ." (emphasis in original)). If a stay is not issued, class notice will be disseminated. And, it is possible that the class notice will need to be amended, resulting in the need for re-notification to the class members. Courts considering motions to stay while a Rule 23(f) Petition is pending have consistently recognized the need to "avoid confusing consumers who would be provided with potentially erroneous notices concerning the ongoing class action, who may then receive further contradictory notices, should the Court of Appeals reverse the Court's Order certifying the class." *Jenkins*, 2008 U.S. Dist. LEXIS 43785, at *11-12; *see also In re Urethane Antitrust Litig.*, 2006 U.S. Dist. LEXIS 80425, at * 24; *Johnson*, 269 F.R.D. at 413 (explaining that the "public interest will best be served" by granting a stay while a Rule 23(f) Petition is resolved

---

[3] In addition, this is not a case in which Plaintiff may potentially be prejudiced by a stay because discovery will be delayed. *See In re Lorazepam*, 208 F.R.D. at 6. Fact discovery closed nearly a year ago on September 29, 2012, and expert discovery closed on January 2, 2012. *See* Amended Pretrial Scheduling Order dated October 12, 2013 (ECF No. 42).

[4] *Compare Bais Yaakov of Spring Valley*, 2011 U.S. Dist. LEXIS 102743, at *4 (explaining that a reason for imposing a stay is the simplification of issues) *with Johnson*, 269 F.R.D. at 411-12 (applying the preliminary injunction factors of consideration of the public interest).

6

because "any confusion of notice will be avoided"). These courts have decided that the public's interests weigh in favor of a stay to avoid the risk of consumer confusion. The Court here should follow this approach, as there are no conceivable circumstances that would justify going forward with class notice while Defendant's appeal of the June 30, 2014 Order is pending. Indeed, awaiting final resolution of the appeal is not only consistent with the courts' treatment of appeals prior to the dissemination of class notice and the Manual for Complex Litigation, but also avoids the potential for confusion and unnecessary complication in class notice, thereby simplifying the matter.

C.  **Aaron's Has a Substantial Likelihood of Success On the Merits of its Appeal.**

Aaron's respectfully submits that it has a substantial likelihood of success on the appeal. *See In re Lorazepam*, 208 F.R.D. at 4. As set for in Aaron's Appeal Brief, this Court properly concluded that (1) Aaron's met is burden of showing good cause under Rule 16 of the Federal Rules of Civil Procedure, (2) that the motion did not manifest undue delay or bad faith under Rule 15, and (3) that the Court *could* exercise supplemental jurisdiction over the proposed counterclaims pursuant to 28 U.S.C. § 1367(a). However, the Court declined to exercise supplemental jurisdiction, and thereupon denied leave to amend for lack of jurisdiction. *See* June 30, 2014 Order at 14; *see also Bor. of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995).

Defendant respectfully submits that this Court's decision is clearly erroneous and contrary to Third Circuit precedent on the application of the "limited exception" in 28 U.S.C. § 1367(c)(2). *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995). The statute allows a court to decline to exercise supplemental jurisdiction under rare circumstances, i.e., "only" where a "state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Id*. The exception in § 1367(c)(2) is not applicable here where ***all of the claims already in the case are state claims and there have never been any "federal claims."***

7

Moreover, the breach of contract counterclaim that Aaron's seeks to assert against class members implicates precisely the same elements and legal issues as Aaron's breach of contract counterclaim against Plaintiff and its set-off and recoupment affirmative defenses (as against Plaintiff and the class members) that have been in this case for years. Because the Court has asserted jurisdiction over that claim and those affirmative defenses, the proposed counterclaim against the class members cannot in any way "predominate" within the meaning of § 1367(c)(2).

Therefore, a stay of the issuance of class notice is entirely appropriate under the circumstances.[5]

### D. Imposition of a Stay Will Promote Judicial Economy.

The Court will be required to devote significant time to oversee this matter as a class action, including, for starters, holding scheduling conferences and fairness hearings, and evaluating class notice, the parties' arguments with respect to same, and proposed relief to the class members. If the appeal is successful, it would have been a waste of this Court's time and resources to proceed when it is certain the class notice would need to be re-drafted and re-issued if Defendant's appeal is granted. *See In re Lorazepam*, 208 F.R.D. at 6 (granting motion to stay proceedings pending resolution of a Rule 23(f) Petition because of the "very real potential of unnecessarily wasting significant resources of all parties (potentially even those of absent class members) and the Court, because two significant issues are currently pending before the Court of

---

[5] Even if this court were to find that Defendant did not have a likelihood of success on the merits, a stay is necessary here due to the confusion and expense that could result from issuing class notice prematurely. *See In re Urethane Antitrust Litigation*, 2006 U.S. Dist. LEXIS 80425, at *22-23 (court staying class notice pending resolution of the 23(f) appeal where Defendants argued that "in the absence of a stay, it will have to expend time and resources associated with resolving the issues related to notice, that significant confusion will likely result if the Tenth Circuit vacates or modifies the class certification order after notice has already been disseminated to class members, and that dissemination of class notice will disrupt its business relations with its customers," even though "the court [did] not believe [Defendants'] appeal has a substantial likelihood of success on the merits").

Appeals, one of which could dispose of this litigation while the other could substantially reshape it").

**E.      The Length of the Stay is Reasonable.**

Plaintiff will not suffer any harm or prejudice by the imposition of a stay. The length of the stay will inherently be reasonable in light of the overwhelming factors justifying the stay, for the reasons discussed herein.

## CONCLUSION

For the reasons stated herein, Defendant Aaron's, Inc. respectfully requests that this Court grant its Motion to Stay Issuance of Class Notice Pending Resolution of its Appeal.

Dated:  July 16, 2014

By: s/ Michael R. McDonald
Michael R. McDonald, Esq.
Damian Santomauro, Esq.
Jennifer Marino Thibodaux
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Telephone:  (973) 596-4500
Facsimile:  (973) 639-6295
mmcdonald@gibbonslaw.com
dsantomauro@gibbonslaw.com
jmarinothibodaux@gibbonslaw.com
*Attorneys for Defendant/Counterclaimant Aaron's, Inc.*