**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RECEIVED
JUL 29 2016
AT 8:30
WILLIAM T. WALSH CLERK M

|  |  |  |
|---|---|---|
| MARGARET KORROW, on behalf of herself and others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-6317 (MAS) (LHG) |
| | : | |
| AARON'S INC., et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Defendants. | : | |

**SHIPP, District Judge**

  This matter comes before the Court Defendant Aaron's, Inc.'s ("Defendant" or "Aaron's") motion for certification for interlocutory appeal of the portions of the Court's November 30, 2015 Order: (1) affirming the Honorable Lois H. Goodman, U.S.M.J.'s ("Magistrate Judge Goodman") denial of Defendant's motion for leave to amend; and (2) denying Defendant's motion to decertify the class (ECF No. 136). (ECF No. 140.) Plaintiff Margaret Korrow ("Plaintiff" or "Ms. Korrow") filed opposition (ECF No. 141), and Defendant replied (ECF No. 142). The Court has carefully considered the parties' submissions and decides the matters without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Defendant's motions.

**I. Background[1]**

  On February 3, 2012, with consent from both Plaintiff and Magistrate Judge Goodman, Defendant amended its answer to include a single breach of contract counterclaim against Plaintiff

---

[1] The Court assumes familiarity with the facts, which are provided in this Court's previous opinions. (ECF Nos. 78, 135.) Thus, the Court includes only the facts relevant to the pending motion.

for her alleged failure to make payments under her lease agreement with Defendant. (ECF No. 33.) Following the Court's certification of the class, on October 4, 2013, Defendant filed a motion for leave to amend its answer to, among other things, add a breach of contract counterclaim against all class members who failed to make payments pursuant to their lease agreements with Defendant. (ECF No. 90.) On June 30, 2014, Magistrate Judge Goodman denied Defendant's motion to amend. (Order, June 30, 2014 ("MJ Decision"), ECF No. 98.) In the Order, Magistrate Judge Goodman stated that the proposed counterclaims would put the court: (1) "in the untenable position of assessing damages against absent parties that were never given the opportunity to individually oppose the counterclaims"; and (2) at risk of opening a "Pandora's box[,] . . . given that Aaron's estimates there would be counterclaims against approximately 9,000 absent class members." (Id. at 14.) Accordingly, Magistrate Judge Goodman declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2), which provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).

Defendant appealed Magistrate Judge Goodman's Order denying its motion for leave to amend and moved to decertify the class arguing that, in denying the motion for leave to amend, Magistrate Judge Goodman made "new factual findings" that demonstrate that Plaintiff cannot satisfy the predominance and superiority requirements under Rule 23(B)(3). (ECF Nos. 99, 110.) In its November 30, 2015 Opinion ("November Opinion"), the Court affirmed Magistrate Judge Goodman's denial of Defendant's motion to amend and denied Defendant's motion to decertify the class. (Op., Nov. 30, 2015, ECF No. 135.) With respect to Magistrate Judge Goodman's denial of Defendant's motion for leave to amend, the Court found "the application of § 1367(c)(2) to the

2

proposed counterclaims was not contrary to law." (*Id.* at 11.)  In addition, with respect to Defendant's motion to decertify the class, the Court found that "Defendant has not shown any 'changed circumstances' that would warrant the decertification." (*Id.* at 22 (quoting *Barkouras v. Hecker*, No. 06-366, 2007 WL 4545896, at \*1 (D.N.J. Dec. 19. 2007)).)  Defendant now moves to certify the Court's November 30, 2015 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (ECF No. 140.)

## II.    **Legal Standard**

A district court has the discretion to grant a § 1292(b) certification if the order in question: "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted).  "In evaluating these factors, 'the court must remember that . . . [a] motion should not be granted merely because a party disagrees with the ruling of the district judge.'" *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (quoting *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 282 (E.D. Pa. 1983)).  The burden to demonstrate that certification is appropriate lies with the moving party. *See Kapossy*, 942 F. Supp. at 1001.  Interlocutory appeal is to be "used sparingly" and only in "exceptional" circumstances that justify foregoing the normal procedure of appealing after final judgment. *See id.* at 1001; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996).

## III.    **Analysis**

### A.    **Affirming Denial of Defendant's Motion for Leave to Amend**

With respect to the Court's affirmance of Magistrate Judge Goodman's denial of its motion, Defendant argues that there are substantial grounds for a difference of opinion on two

"key issues": (1) "the interpretation of the 'substantially predominates' standard of [§] 1367(c)(2)"; and (2) "whether there are 'important countervailing interests' to be served by declining jurisdiction and relegating the state claims to state court." (Def.'s Interlocutory Appeal Moving Br. 12, ECF No. 140-1 (citing *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995)).) A substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001). "The clearest evidence of substantial grounds for difference of opinion is where there are conflicting interpretations from numerous courts." *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (internal quotation marks omitted).

In its November Opinion, the Court analyzed the applicable case law pertaining to the interpretation and application of the "substantially predominates" standard of § 1367(c)(2) and the "important countervailing interests." (Op., Nov. 30, 2015, 6-11.) The Court concluded that Magistrate Judge Goodman's application of § 1367(c)(2) was consistent with this case law. (*Id.* at 14.) In its motion, Defendant does not identify any genuine doubt or conflicting precedent as to the correct legal standard. Rather Defendant disagrees with the Court's application of § 1367(c)(2) to the facts in this case. "[M]ere disagreement with [a] district court's ruling does not constitute a substantial ground for a difference of opinion within the meaning of [§] 1292(b)." *Kapossy*, 942 F. Supp. at 1001 (internal quotation marks omitted). Accordingly, Defendant fails to identify a "substantial ground for difference of opinion" within the meaning of § 1292(b).

**B.      Denial of Defendant's Motion to Decertify the Class**

With respect to the Court's denial of Defendant's motion to decertify the class, Defendant argues that "[t]here exists substantial ground for difference of opinion as to the weight of authority that should have been afforded to Magistrate Judge Goodman's findings of fact and the attendant

effect on predominance and superiority." (Def.'s Interlocutory Appeal Br. 23.) In the November Opinion, the Court rejected Defendant's assertion that it had not considered facts regarding Defendant's defenses in its previous decision denying Defendant's motion for denial of class certification. (Op., Nov. 30, 2015, 21.) Thus, the Court concluded that it "had an 'opportunity to fully consider the impact of the 'formidable and fact intensive' individual issues . . . relating to Defendant's defenses' and after considering these issues and the relevant case law, the Court denied Defendant's motion for denial of class certification." (*Id.* at 22.) While Defendant cites cases where courts found that a defendant's affirmative defenses raised individualized questions that defeated the predominance and superiority requirements (Def.'s Interlocutory Appeal Br. 25-27), these cases do not cast doubt as to the correct legal standard. Accordingly, Defendant fails to identify a "substantial ground for difference of opinion" within the meaning of § 1292(b).

## IV.   Conclusion

For the reasons set forth above, Defendant's motions for certification for interlocutory appeal of the Court's November 30, 2015 Order is denied. The Court will issue an order consistent with this Memorandum Opinion.

s/Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July 29, 2016

5