**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARGARET KORROW, on behalf of
herself and others similarly situated,

        Plaintiff,

        v.

AARON'S INC. and JOHN DOES 1-25,

        Defendants.

Civil Action No. 10-6317 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on three motions: (1) Defendant Aaron's, Inc.'s ("Defendant" or "Aaron's") Motion for Reconsideration (ECF No. 146); (2) Plaintiff Margaret Korrow's ("Plaintiff" or "Ms. Korrow") Motion for Approval of Revised Class Notice, Notice Plan, and Schedule ("Motion for Revised Class Notice") (ECF No. 149); and (3) Defendant's Cross Motion to Stay Motion for Revised Class Notice (ECF No. 151).

Plaintiff opposed Defendant's Motion for Reconsideration (ECF No. 147) and Defendant replied (ECF No. 150).[1] Defendant subsequently filed a Notice of Supplemental Authority (ECF No. 165), and Plaintiff responded (ECF No. 166). With regard to Plaintiff's Motion for Revised Class Notice, Defendant opposed on the merits and requested a stay. (ECF No. 151.) Plaintiff opposed Defendant's cross-motion to stay and replied in support of her Motion for Revised Class Notice. (ECF No. 155.) Defendant then replied in support of its cross-motion. (ECF No. 156.)

---

[1] The Court grants Defendant's request for permission to file a reply. (ECF No. 150.)

The Court has carefully considered the parties' submissions and decides the matters without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and for other good cause shown, the Court DENIES Defendant's Motion for Reconsideration, GRANTS Plaintiff's Motion for Revised Class Notice, and DENIES Defendant's Motion to Stay.

I.    **Background & Procedural History**[2]

Ms. Korrow, on behalf of herself and a putative class, brought suit against Defendant alleging that certain fees and charges that Defendant imposed on the class through its rent-to-own contracts violated the New Jersey Truth in Consumer Contract, Warranty and Notice Act and the New Jersey Consumer Fraud Act. (Compl. ¶¶ 1-5, ECF 1-1.) On July 31, 2013, the Court granted class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). (July 31, 2013 Order 2, ECF No. 77.) The "Class" was defined as "[a]ll natural persons who entered into a rent-to-own contract with Defendant Aaron's, Inc. in New Jersey from March 16, 2006, through and including March 31, 2011." (*Id.*) The Court also recognized two "Sub-Classes": (1) CFA-"Prorated" Amount Sub-Class; and (2) CFA-"Service Plus" Fee Sub-Class, which include class members that paid Defendant specific types of fees. (*Id.*)

Approximately one year later, on July 21, 2014, Plaintiff moved for Approval of Class Notice and Plan of Notice ("Original Motion for Class Notice"). (ECF No. 101.) After the parties briefed the motion, the Court granted the motion in part and denied it in part. (ECF No. 136.) The Court granted the motion with respect to the following forms of notice: "(1) direct mail; (2) e-mail; (3) publication in three newspapers; (4) a press release to approximately 11,700 media points;

---

[2] The Court assumes familiarity with the facts, which are provided in this Court's previous opinion. ("Mem. Op.," ECF No. 78.) Thus, the Court includes only the facts relevant to the pending motions.

(5) targeted mailing to 34 legal aid and pro bono program offices in New Jersey; and (6) a litigation-specific website." (*Id.*) In contrast, the Court denied Plaintiff's motion with respect to the following forms of notice: "(1) a case-specific toll-free telephone number and (2) a Google ad word campaign." (*Id.*) The Court also denied Plaintiff's proposal to link Plaintiff's brief in support of her motion for class certification to the proposed class notice website. (*Id.*)

While Plaintiff's Original Motion for Class Notice was pending, Defendant moved for partial summary judgment. (ECF No. 120.) The Court granted Defendant's motion with regard to Count Two of Plaintiff's Complaint, but denied Defendant's motion with regard to Count One. (ECF No. 144.) The parties have since filed the three pending motions at issue.

## II. Motion for Reconsideration

### A. Legal Standard

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but

were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

### B. Parties' Positions

In support of Defendant's Motion for Reconsideration, Defendant argues that the Court's summary judgment decision inconsistently treated Counts One and Two of the Complaint. (Def.'s Reconsid. Moving Br. 2, ECF No. 146-1.) Specifically, Defendant asserts that the Court's rationale for dismissing Count Two contradicts the Court's decision to deny Defendant's motion to dismiss Count One. (*Id.*) Defendant argues that both counts contained the same material fact: "Plaintiff did not pay more than she was required to pay," thereby merely alleging a hypothetical loss. (*Id.* at 3-4, 9-11.)

In response to the Court's comparison between Plaintiff's debt to Defendant and the benefit Plaintiff received from Defendant, Aaron's asserts that debt cannot constitute "ascertainable loss." (*Id.* at 7-10.) Further, although Defendant counterclaimed to recover Plaintiff's unpaid debt to Defendant, Aaron's argues that its counterclaim does not convert Plaintiff's debt from a hypothetical loss to an "ascertainable loss." (*Id.* at 10-11.) Finally, Defendant cites *Truglio v. Planet Fitness, Inc.*, No. 15-7959, 2016 U.S. Dist. LEXIS 98585 (D.N.J. July 28, 2016), as supplemental authority in further support of its position. (ECF No. 165.)

In her opposition papers, Plaintiff sets forth the legal standards applicable to a motion for reconsideration, and relies on the Court's Opinion. (Pl.'s Reconsid. Opp'n Br. 2-16, ECF No. 147.) Plaintiff also responds to Defendant's Notice of Supplemental Authority. (ECF No. 166.)

### C. Analysis

Here, Defendant is merely asking this Court to rethink what it has already thought through. Although Defendant now frames its argument as a contradiction within the Court's decision,

4

Defendant already presented all of its substantive assertions in its underlying motion for summary judgment. Moreover, the Court finds that Defendant's supplemental authority is consistent with the Court's decision. While *Truglio* cites relevant law, it does not contradict this Court's finding that Plaintiff's debt, for which Defendant seeks recovery in its counterclaim, can constitute "ascertainable loss."[3] Defendant has, therefore, failed to proffer any change in law, unconsidered evidence, or persuasive argument that the Court has committed a clear error of law that requires correction. Accordingly, the Court denies Defendant's Motion for Reconsideration.

### III.   Plaintiff's Motion for Revised Class Notice

#### A.   Legal Standards

Rule 23(c)(2)(B) governs class notice for classes certified under Rule 23(b)(3), and is applicable here. Rule 23(c)(2)(B) provides that:

> [f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances . . . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The Rules Advisory Committee notes that in order to help courts comply with the requirements of Rule 23(c)(2)(B), the "Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms." Fed. R. Civ. P. 23(c) advisory committee's note to 2003 amendments.

---

[3] Because one of the benefits conferred by the ASP program did not equal or exceed Plaintiff's debt for the ASP Program, a question of fact remained as to whether the ASP Program conferred other benefits that would preclude a finding of "ascertainable loss." (Opinion Tr. 6:11-24, ECF No. 148.)

5

Here, Plaintiff drafted her proposed notice based on the Federal Judicial Center's notice forms and complies with the general requirements under Rule 23(c)(2)(B) and due process.[4] The Court, therefore, focuses on Defendant's specific objections.

**B.   Parties' Positions**

Defendant argues that the Court should reject Plaintiff's proposed notice, notice plan, and schedule and instead requests that the Court order Plaintiff to make numerous modifications. First, Defendant asserts that Plaintiff's proposed Revised Notice Plan conflicts with the Court's November 30, 2015 Order, which approved "a press release to *approximately* 11,700 media points." (ECF No. 136 (emphasis added).) Defendant argues that Plaintiff's Revised Notice Plan states:

> A.B. data will issue, via the nationwide news line of PR Newswire, a Press Release version of the Publication Notice. PR Newswire distributes releases to *more than* 11,700 media points, including 5,700 U.S. news outlets and 6,000 websites.

(Pl.'s Ex. C at 4, ECF No. 149-3 (emphasis added).) Defendant asserts that the broader distribution implicated in the phrase "more than" is too prejudicial. (Def.'s Notice Opp'n Br. 10-12, ECF No. 152.)

Plaintiff responds that the Court already approved identical language in the original proposed Class Notice Plan, thus precluding any conflict with the Court's Order. (Pl.'s Notice Reply Br. 14-15, ECF No. 155.)

Defendant's second objection to Plaintiff's motion is that the long form of the class notice contains a hypothetical in Question 8 that is "unnecessary and potentially confusing to class

---

[4] In the Court's decision on Plaintiff's Original Motion for Class Notice, the Court already analyzed and found that Plaintiff's proposed notice complies with the general requirements of Rule 23(c)(2)(B) and due process. (*See* Mem. Op. 15-20, ECF No. 135.)

6

members."[5] (Def.'s Notice Opp'n Br. 12.) The hypothetical states:

> For example, in one of her contracts entered into with Aaron's between March 16, 2006 and March 31, 2011, Ms. Korrow paid $31.78 for a "Service Plus" fee, so she is seeking three times that amount, or $95.34. She is also seeking $100 because the contract imposed this fee and a Return Check fee to be charged for "any reason." In total, Ms. Korrow is seeking $195.34, plus interest, for her claims related to that Contract.

(Pl.'s Ex. A, at 5, ECF No. 149-3.) Defendant asserts that the explanation preceding the hypothetical[6] is sufficient and that the hypothetical fails to account "for the amounts that Aaron's is seeking to recoup from Plaintiff Korrow in its Counterclaim." (Def.'s Opp'n Br. 12.)

Plaintiff responds that Aaron's failed to object to a nearly identical hypothetical contained in Plaintiff's original motion for approval of class notice and notice plan. (Pl.'s Notice Reply Br. 15 (citing Pl.'s Original Mot. Ex. A, at 5-6, ECF No. 101-3).) Plaintiff further explains that the particular section at issue is labeled "What is the *Plaintiff* asking for?" thereby rendering incorporation of Aaron's recoupment irrelevant. (*Id.* (emphasis added).)

---

[5] Defendant fails to explain why the hypothetical would be "potentially confusing." Specifically, Defendant does not provide any examples of how class members might incorrectly read the hypothetical.

[6] Immediately preceding the hypothetical, Question 8 reads:

> For each contract that a class member entered into with Aaron's from March 16, 2006 to March 31, 2011, Ms. Korrow's lawsuit and her motion to certify the Class are asking for the following for each Class Member:
>
> 1) $100 for each contract entered into during that period;
>
> 2) Triple the amounts the Class Member paid Aaron's for "Service Plus" fees under each contract entered into during that period.

(Pl.'s Ex. A, at 5, ECF No. 149-3.)

Defendant's third objection alleges that Question 4 of the proposed long form of class notice inaccurately states: "Aaron's believes that approximately 26,000 New Jersey customers are members of the Class certified by the Court." (Def.'s Notice Opp'n Br. 12.) According to Defendant, "26,000" represents the potential class size *prior* to the Court's dismissal of Plaintiff's prorate claim. (*Id.*) Defendant argues that the class size would "likely" be smaller and Question 4 should be re-written as: "Aaron's believes that *up to* 26,000 New Jersey customers *may be* members of the Class certified by the Court." (*Id.* (emphasis added).)

Plaintiff responds that the dismissal of Plaintiff's prorate claim could not affect the class size because the "CFA-'Prorated' Amount Sub-Class" was only composed of persons who were already class members. (Pl.'s Notice Reply Br. 15-16.) In other words, the class size does not depend on whether persons paid a "prorated" amount to Defendant. (*Id.*)

Finally, Defendant's fourth objection is that Plaintiff's proposed order

> only allows Aaron's 35 days to "produce to A.B. Data, Ltd. an Excel spreadsheet containing the names, addresses, and, to the extent that it possesses this information, the telephone numbers, e-mail addresses, and Social Security numbers of all persons who meet the definition of the certified Class."

(Def.'s Notice Opp'n Br. 12.) Defendant instead claims "Aaron's does not have a database that stores this information" and requests sixty days because it "will have to manually gather the information and confirm its accuracy." (*Id.* at 12-13.) Defendant additionally argues that "Plaintiff's suggested requirement that a person with 'personal knowledge' of the data certify to its accuracy is unnecessary." (*Id.* at 13.)

Plaintiff responds that Defendant possesses electronic databases that contain information for all class members. (Pl.'s Notice Reply Br. 16-17.) In support, Plaintiff cites an e-mail message from Defendant's counsel, which states:

> Aaron's, Inc. maintains a central database that stores all transactional records from it stores, including customer information. The database collects data from each store on a nightly basis.
>
> In order to identify individuals fitting the court's definition of the class and their attendant contact information, Aaron's executed queries against the database to identify persons or entities with agreements during the time period, and then queries for each requested field, i.e., customer number, social security number, last name, first name, street address 1, street address 2, city, state, zip, home phone, work phone, driver's license number, email, cell phone, date of birth, and language preference. The results of the queries are displayed in tabular tables, which Aaron's then copied and pasted into an Excel file for ease and reference.

(Pl.'s Original Mot. Ex. E (e-mail from M. McDonald to M. Quirk (July 10, 2014)), ECF No. 149-3.) Additionally, Plaintiff re-asserts that Defendant must certify the accuracy of the class information. (Pl.'s Notice Reply Br. 17.)

### C. Analysis

First, with regard to the approximate number of media distribution points for the press release, the Court agrees with Plaintiff. Plaintiff submitted identical language with the phrase "more than" and the Court approved the press release because of its cost-effectiveness and the need to broadly reach class members. (Mem. Op. 19, ECF No. 135.) Moreover, Plaintiff has not since modified the use of PR Newswire as the vehicle for a nationwide press release. For the reasons set forth in the Court's November 30, 2015 Memorandum Opinion, the Court, therefore, clarifies and re-confirms that the Proposed Notice Plan is approved with regard to the press release. (Mem. Op. 18-20, ECF No. 135.)

Second, with regard to the hypothetical in the long form class notice, the Court disagrees with Defendant. The Court finds that the hypothetical is plainly and clearly stated and does not give rise to confusion. The Court also finds that the hypothetical clarifies the relief Plaintiff is seeking by describing the relief sought in plain language easily understood by lay persons. Finally,

the Court agrees with Plaintiff that this hypothetical need not incorporate the recoupment Defendant seeks from Ms. Korrow. Question 6 of the long form is separately dedicated to "How does *Aaron's* answer the lawsuit's claims?" which includes a description of Defendant's counterclaim. (Pl.'s Ex. A, at 4-5 (emphasis added).) The Court, therefore, finds it unnecessary for Question 8 to incorporate the counterclaim and approves Plaintiff's proposed notice as to Question 8.

With regard to Defendant's third objection, the Court agrees with Plaintiff that the Court's dismissal of Plaintiff's prorate claim does not diminish the class size. In the Court's order granting class certification, the Court defined "The Class" as: "All natural persons who entered into a rent-to-own contract with Defendant Aaron's, Inc. in New Jersey from March 16, 2006, through and including March 31, 2011." (July 31, 2013 Order 2.) The Court then defined "CFA-'Prorated' Amount Sub-Class" as: "All members of the Class as defined above who paid Defendant Aaron's, Inc., a first monthly payment that included a 'prorated' amount." (*Id.*) Because the Sub-Class members were already part of "The Class" by entering into a rent-to-own contract with Defendant during the relevant period, the Court's dismissal of Plaintiff's prorate claim cannot reduce the size of "The Class." Accordingly, the Court approves Question 4 in Plaintiff's proposed notice.

Finally, with regard to Defendant's fourth objection, Defendant fails to provide any affidavit or other evidence that it would require sixty days to produce the required class information. On the other hand, Plaintiff cites to an e-mail message from Defendant's counsel, detailing the storage of all relevant information in Defendant's databases and the specific procedure for gathering that information. The Court, therefore, approves Plaintiff's proposed notice plan with regard to the thirty-five day period for Defendant to produce the required class information to A.B. Data, Ltd. The Court further approves Plaintiff's proposal that Defendant

must provide Class Counsel with a certification or affidavit from a person with personal knowledge attesting that the spreadsheet contains the required information along with a summary of the steps taken to create the spreadsheet.[7]

## IV.     Motion for Stay

Defendant cross-moves to stay the Court's decision on Plaintiff's Motion for Class Notice pending resolution of Defendant's Motions to Certify for Interlocutory Appeal and for Reconsideration. As the Court has now resolved both pending motions,[8] Defendant's Motion to Stay is moot and therefore denied.

## V.     Conclusion

For the reasons set forth above, Defendant's Motion for Limited Reconsideration is DENIED; Plaintiff's Motion for Approval of Revised Class Notice and Notice Plan is GRANTED; and Defendant's Motion for Stay is DENIED. The Court will issue an order consistent with this decision.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: October 28th, 2016

---

[7] Defendant's lone argument with regard to the certification is that the certification is "unnecessary." (Def.'s Notice Opp'n Br. 13.) Defendant provides no further explanation or arguments, and the Court finds Defendant's cursory position unpersuasive.

[8] The Court denied Defendant's Motion for Certification for Interlocutory Appeal of the Court's November 30, 2015 Order. (ECF Nos. 160, 161.)